**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

WILLIAM AMES, JR

    and

LAURIE BRAUN,

Plaintiffs and next of kin to the
deceased, William D. Ames, III,

    and

ESTATE OF WILLIAM D. AMES, III,
DECEASED,

    v.

ST. FRANCOIS COUNTY SHERIFF'S
DEPARTMENT,
    Serve:  1550 Doubet Road
           Farmington, MO  63640

    and

CURTIS R. DAVIS, *individually and in*
*his official capacity,*
    Serve:
10147 Elliott Rd
Mineral Point MO 63660-9594

    and

DENNIS W. SMITH, *individually and in*
*his official capacity as Jail Administrator*
    Serve:  1550 Doubet Road
           Farmington, MO  63640

    and

ST. FRANCOIS COUNTY
    Serve:  1 West Liberty Street
           Annex Building
           Suite 300

Case No.  4:19-cv-173

JURY TRIAL DEMANDED

Farmington, MO  63640,

and

JOHN DOES #1-3, *individually and in their*
*official capacities,*

and

HEATHER KATHERINE SMITH,
 *individually in in her official capacity*
Serve:  1550 Doubet Road
             Farmington, MO  63640

Defendants.

## COMPLAINT

COME NOW Plaintiffs, by and through counsel, and for their Complaint against

Defendants Curtis R. Davis (hereinafter, "Davis"), St. Francois County (hereinafter "County"),

St. Francois County Sheriff Department (hereinafter "Sheriff"), Dennis W. Smith (hereinafter

"Smith"), Heather Katherine Smith, and John Does #1-3 (hereinafter "John Does"), allege and

aver as follows:

1.     This is a civil action arising under 42 U.S.C. §1983, the Missouri Wrongful Death

Statute R.S.Mo. §537.080 and common law avenues of recovery for deprivations of Plaintiffs'

rights and for state law claims against all Defendants.

2.     Plaintiff William Ames, Jr. is the father of Decedent William D. Ames, III

3.     Plaintiff Laurie Braun is the mother of Decedent William D. Ames, III.

4.      Plaintiff Estate of William D. Ames, III (Dec.) (hereafter "the Estate") stands in the stead of the deceased, William D. Ames, III for those rights that cannot be asserted by Plaintiffs William Ames Jr. and Laurie Braun.

**Jurisdiction**

5.      This cause of action against Defendants out of the death of Decedent William D. Ames, III on or about November 11, 2018, while incarcerated in the St. Francois County Jail in the city of Farmington, St. Francois County, State of Missouri.

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and §1341(3) because this Complaint alleges violations of 42 U.S.C. §1983.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**VENUE AND COLOR OF LAW**

7.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in St. Francois County, Missouri, which is located U.S. District Court, Eastern District of Missouri, Eastern Division.

8.      Defendant St. Francois County is a political subdivision of the State of Missouri and is a person for purposes of a 42 U.S.C. §1983 action for damages.

9.      Defendant St. Francois County Sheriff's Department is a political subdivision of St. Francois County and is a person for purposes of a 42 U.S.C. §1983 action for damages.

10.      Defendant Dennis W. Smith, at all times relevant herein, is a natural person who was the St. Francois County Jailer working under the direction of Defendant St. Francois County Sheriff's Department.

11.     Defendant Curtis R. Davis, at all times relevant herein, is a natural person who was employed at the St. Francois County Jail and working under the direction and control of Defendants Smith and Sheriff.

12.     Defendants John Does #I-III, at all times relevant herein, are unidentified natural persons who were employed or hired by the St. Francois County Sheriff's Department, St. Francois County, and/or Dennis Smith and were involved in the death of Decedent William D. Ames, III, as further explained herein.  The identities of Defendants John Does #1-3 are currently unknown but will be made known through discovery in this cause of action.

13.     Defendant Heather Katherine Smith, at all times relevant herein, is a  natural person who was employed or hired by the St. Francois County Sheriff's Department, St. Francois County, and/or Dennis Smith as a medical nurse and was involved in the death of William D. Ames, III, as further explained herein.

## COLOR OF STATE LAW

14.     At all relevant times set forth herein, Defendant St. Francois County Sheriff's Department acted under color of state law, Federal law and the Constitutions of Missouri and the United States of America.

15.     At all relevant times set forth herein, Defendant St. Francois County acted under color of state law, Federal law and the Constitutions of Missouri and the United States of America.

16.     At all relevant times set forth herein, Defendant Smith acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including the St. Francois County, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

17.     At all relevant times set forth herein, Defendant Davis acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including St. Francois County, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

18.     At all relevant times set forth herein, Defendants John Does #1-3 and Heather Katherine Smith acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri and its political subdivisions, including St. Francois County, as well as acting under the color of Federal law and the Constitutions of Missouri and the United States of America.

## INTENTIONAL WAIVER OF SOVEREIGN IMMUNITY

19.     Upon information and belief, at all relevant times, Defendant St. Francois County had purchased and had in effect a policy of insurance to insure itself and the St. Francois County Sheriff's Department against claims or causes of actions for damages caused by its employees engaged in government functions, including the torts and civil rights violations described herein.

20.     The purchase of said insurance constitutes an intentional waiver of sovereign immunity by Defendant St. Francois County and Defendant St. Francois Sheriff's Department for all of Plaintiffs' claims.

21.     Upon information and belief, the policy does not preclude or prevent waiving sovereign immunity as a condition of its issuance, or as a contractual obligation.

## FACTS

22.     In 2004, approximately 14 years prior to his death on November 11, 2018, Decedent William D. Ames, III became disabled after he suffered a traumatic brain injury.  As a

result of the 2004 brain injury, Mr. Ames, III began to suffer from seizures and thereafter took anti-seizure prescription medications to prevent further seizures.

23.     Decedent's prescription required him to take anti-seizure medications three times per day.

24.     The anti-seizure medication worked and if Mr. Ames, III took the anti-seizure medication in a timely manner, further seizures would be prevented.

25.     Decedent Ames, III was clean and sober for nearly all of the 14 years after his brain injury, but had, in the months just prior to his death on November 11, 2018, begun using controlled substances after being reintroduced to same by an old acquaintance.

26.     On Thursday afternoon, November 8, 2018, at approximately 2:30 p.m., Decedent Ames, III was arrested pursuant to a traffic stop and subsequently incarcerated at the St. Francois County Jail at 1550 Doubet Road in Farmington, St. Francois County, State of Missouri.

27.     Plaintiffs do not know why Decedent Ames, III was arrested pursuant to a traffic stop.

28.     Decedent Ames, III, during the traffic stop and just prior to his arrest, swallowed a baggie containing a street drug commonly referred to as "flakka".

29.     Upon information and belief, "flakka" consists of a combination of drugs that include crystal methamphetamine, cocaine, and bath salts.

30.     Defendant Heather Katherine Smith worked eight hours per day as a Licensed Practical Nurse at the St. Francois County Jail from Monday to Friday during normal business hours.

31.     Defendant Heather Katherine Smith did not conduct a medical examination of Decedent Ames, III on Thursday, November 8, 2018 or Friday, November 9, 2018.

32.     Defendant Heather Katherine Smith did not administer Decedent Ames, III's anti-seizure medications.

33.     Decedent Ames was not arraigned between November 8, 2018 and November 11, 2018, when he died, and accordingly, his status at the jail was one of a pretrial detainee.

34.     According to Missouri Casenet, no charges were filed and no tickets were issued against Decedent Ames for his conduct on November 8, 2018.

35.     Plaintiffs do not know if Mr. Ames, III was arrested pursuant to a warrant or if a warrant existed in the system that had been previously revoked.

36.     Defendants Davis and John Doe #1 began working their regular evening shift at the St. Francois County Jail at 11:00 p.m. on Friday, November 9, 2018.

37.     That night William Ames, III, through the window of his cell, engaged in a brief verbal exchange with Defendants Davis and John Doe #1 as Defendants Davis and Doe made their rounds within the unit.

38.     Defendants Davis and John Doe #1 moved William Ames, III into a jail cell containing a restraint chair.

39.     One or more Defendants at the St. Francois County Jail forced Mr. Ames, III into the restraint chair, where they cuffed Ames, III's wrists and ankles to the chair and strapped his arms, torso, and shoulders down, thus fully restricting his movements and essentially rendering him helpless other than the noises he could make to call for help.

40.     The failure of the Defendants to talk with Mr. Ames, III to determine what was wrong with him and/or their failure to seek immediate medical or psychological evaluation and treatment for him was clearly an inadequate response to Mr. Ames, III's bizarre actions and behaviors.

41.     It has been clearly established since at least 2008 in the Eighth Circuit that a pretrial detainee has a right to be free from deliberate indifferent denials to emergency medical care. *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016).

42.     Defendants Davis and John Doe #1 were advised at some point after Mr. Ames, III's arrest and detention that he needed medical intervention and treatment because Mr. Ames, III had swallowed controlled substances.

43.     Defendants Davis and John Does #1-3 were advised at some point after Mr. Ames, III's arrest and detention that he needed medical intervention and treatment because Mr. Ames, III required prescription medication to control his seizures.

44.     Decedent William Ames, upon information and belief, missed taking at least seven regularly-scheduled doses of his anti-seizure medications from Thursday, November 8, 2018 until he died on Sunday, November 11, 2018.

45.     For approximately 2 hours after being fully restrained in a chair, Decedent Ames, III and  detainees in the adjoining cells pleaded for help from the guards due to Decedent Ames, III stating aloud that he had, prior to his arrest, swallowed a plastic bag containing a drug cocktail known locally as "flakka."

46.     It is obvious to any reasonable person that if someone swallowed a bag containing a combination of drugs that included crystal methamphetamine, cocaine and bath salts, that such person would need immediate medical treatment to remove the bag, hopefully before it bursts or breaks in the stomach (if it had not already done so in the process of swallowing the same).

47.     Anyone witnessing Mr. Ames, III's condition at the jail would have recognized he needed medical and/or psychological attention and yet Defendants Davis, Smith and Does #1-3 did nothing in response.

48.     At approximately 11:00 a.m. on Friday, November 9, 2018, Decedent's girlfriend arrived at the jail to visit Decedent and to bring him his newly-refilled prescription of anti-seizure medication, but was turned away by John Does #2-3 without being permitted to deliver the medication to Decedent Ames, III, Heather Katherine Smith or to the St. Francois County Jail so that it could deliver the medication to Mr. Ames, III.

49.     It is obvious to any reasonable person knows that if a person is on anti-seizure medication, that it medically necessary to take it as prescribed, as someone can die from a seizure or have other serious medical complications from having a seizure.

50.     Upon information and belief, as part of the St. Francois County Sheriff's Department policy (whether written, unwritten or simply custom and practice), Defendants, acting pursuant to the Sheriff's Department's policy, do not provide medical personnel to evaluate detainees for medical issues on evenings and weekends.

51.     Upon information and belief, as part of the St. Francois County Sheriff's Department policy (whether written, unwritten or simply custom and practice), no trained medical personnel are present on evenings and weekends at the St. Francois County Jail to administer medications to inmates on evenings and weekends.

52.     Defendant Dennis Smith stated to Plaintiff Laurie Braun and to at least one other witness that the deceased, William D. Ames, III, "probably did not get his medications."

53.     Defendant Dennis Smith testified under oath in an unrelated criminal case that prescription medications are not provided to inmates of the county jail during the evenings or weekends because the jail does not provide qualified personnel to administer said medications.

54.     By not having medical personnel present on evenings and weekends, the County saves money.

55.     Defendants Smith, the St. Francois County Jail and Sheriff's Department had prior knowledge of Decedent's medical needs for anti-seizure medication due to Decedent's history of incarceration at the St. Francois County Jail.

56.     Defendants John Does #2-3 had prior knowledge of Decedent's medical needs due to their interaction with William Ames, III's girlfriend, who attempted to deliver his anti-seizure medication to him.

57.     Defendant Heather Katherine Smith had prior knowledge of Decedent William Ames III's medical needs due to her prior interactions with Decedent.

58.     Upon information and belief, Decedent was kept in restraints for over twenty-four hours, with no breaks, from Friday evening until his death in the early hours of Sunday, November 11, 2018.

59.     Upon information and belief, Decedent was not removed from the restraints to stretch or check the circulation in his legs or to use the toilet.

60.     During the entire time Decedent was kept in restraints, he repeatedly cried, begged, and pleaded for medical assistance from the guards who were stationed just across the hallway from him.

61.     The use of the chair restraints on Mr. Ames, III constituted excessive force.

62.     Upon information and belief, Decedent remained in the chair under restraints without exercise, toilet privileges or medical assistance from Friday evening until his death early Sunday morning.

63.     It is obvious to any reasonable person that a person needs some period of exercise and monitoring of his physical condition during a prolonged period of being forcibly and tightly

strapped to a chair, and that denying someone the freedom to move for over twenty-four hours is callous and shows a deliberate indifference to their well-being.

64.     The denial of freedom of movement and toilet privileges for twenty-seven hours constituted cruel and unusual punishment.

65.     As a pretrial detainee, Mr. Ames, III had the right to be free any punishment at all, including cruel and unusual punishment.  The right of pretrial detainees to be free from any punishment at all has been clearly established since *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

66.     From Friday evening until early Sunday morning, other inmates called out to the guards – Defendants Davis and John Doe #1 – and pleaded with them to assist Decedent Ames, III, but Defendants Davis and John Doe #1 callously ignored the requests for help from Mr. Ames, III and the other inmates who were calling the guards on his behalf.

67.     At least once during that weekend, witnesses state that they heard Decedent gargling, bucking and convulsing in his chair – noises that they interpreted as sounds of Decedent Ames, III convulsing and suffering from a seizure.

68.     On information and belief, if these jailed witnesses heard Decedent gargling, bucking and convulsing, then Defendants Davis and John Doe #1 necessarily heard the same sounds.

69.     Despite the sounds emanating from the Decedent Ames, III's cell where he was strapped down, no medical evaluation or treatment was afforded to him.

70.     Despite the sounds emanating from the Decedent Ames, III's cell, he was not provided his anti-seizure medication.

71.     Despite the sounds emanating from the Decedent Ames, III's cell, Davis and Defendant Doe #1 did not call 911.

72.     Despite the sounds emanating from Decedent Ames, III's cell, no medical personnel were contacted and requested to exam Decedent Ames, III's condition to see if he should be medically treated or sent to the hospital.

73.     Upon information and belief, the cell where William Ames, III was restrained throughout the weekend was equipped with video monitoring equipment that was operational and accessible to Defendants, including Defendants Davis, Smith, and John Doe #1.

74.     Given the above information known to Defendants Davis, Smith and John Doe #1, they had more than enough information, even as lay persons, to easily recognize the necessity of immediate medical evaluation and intervention on behalf of Mr. Ames, III, but they deliberately and intentionally disregarded his medical needs.

75.     At least once during the weekend, either Defendant Davis or John Doe #1 were heard approaching Decedent's cell, opening the door, and screaming at Decedent for several minutes in an attempt to quiet Decedent.

76.     During that long weekend, Defendant Davis approached inmates in an adjoining cell and told them that no one would "catch a case" if they wanted to go into Decedent's cell and physically assault Decedent Ames, III in order to quiet Decedent Ames, III.

77.     On information and belief, Defendant Davis left the cell doors of the other inmates and Decedent Ames, III's doors unlocked, so that the other inmates could assault Mr. Ames, III.

78.     Mr. Ames, III screamed, howled and yelled for hours on end until he could no longer speak at all and yet Defendants Davis, Smith and John Doe #1 never attempted to talk to

him or seek medical or psychological evaluation, and instead, were only concerned with forcing

Mr. Ames, III to stop making noise.

79.     Defendants Davis, Smith and Doe #1 never checked on Mr. Ames, III's well-

being.

80.     Early in the hours of Sunday morning, Decedent stopped pleading for help and the

inmates in the adjoining cells heard what they described as "death rattles."

81.     On information and belief, if the inmates in the adjoining cells could hear death

rattles, then so too could Defendant Davis and Defendant John Doe #1.

82.     Upon information and belief, Decedent stopped moving or making any noises and

became completely unresponsive for approximately one hour before an unidentified deputy –

believed to be either Defendant Davis or Defendant John Doe #1 – entered the cell and thereafter

– for the first time – called for emergency assistance.

83.     Decedent never recovered consciousness and is believed to have died between

1:30 a.m. and 3:30 a.m. on Sunday, November 11, 2018.

84.     An autopsy listed Decedent's cause of death as "Acute Methamphetamine

Intoxication" and indicated that a plastic bag was discovered in the contents of Decedent's

stomach.

85.     Had William Ames, III been taken to the Hospital on Thursday (November 8,

2018) or Friday (November 9, 2018), he could have had the "flakka" in his stomach

mechanically removed (had his stomach pumped) or alternatively, been given medication to

force him to vomit up the medications in his stomach.

86.     Had Mr. Ames, III been examined by Heather Katherine Smith on Thursday (November 8, 2018) or Friday (November 9, 2018), or taken to the hospital on Thursday or Friday, he would have received his anti-seizure medication in a timely manner.

## COUNT I

### VIOLATIONS OF 42 U.S.C. § 1983, THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, AND STATE AND FEDERAL LAWS FOR INDIFFERENCE TO SERIOUS MEDICAL NEEDS AND FAILURE TO PROVIDE MEDICAL CARE BY DEFENDANTS SMITH, DAVIS, JOHN DOES #1-3, AND HEATHER KATHERINE SMITH

87.     Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

88.     Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith had a duty under 42 U.S.C. §1983 and the 8th Amendment of the United States Constitution as applied to the State of Missouri and its political subdivisions through the 14th Amendment of the U.S. Constitution, to provide William D. Ames, III, a disabled pre-trial detainee, with appropriate medical evaluations, and necessary medical treatment and care.

89.     Defendants named in Count I knew that William Ames, III required medications to prevent seizures.

90.     Defendants named in Count I herein failed and refused to provide adequate medical evaluation and treatment, causing Decedent to suffer a seizure during the period he was restrained in a chair with his head and extremities strapped down and completely helpless.  This seizure could have been prevented by providing Mr. Ames, III with his anti-seizure medication.

91.     Defendants named in Count I herein failed and refused to provide needed medical evaluation, intervention and treatment for the "flakka" bag that they were informed that Mr. Ames, III swallowed.

92.     Upon information and belief, when told that William Ames, III had swallowed a bag of "flakka," Defendant Davis stated that he did not care because Ames was "just a f*cking junkie."

93.     Defendants named in Count I herein failed and refused to provide needed medical evaluation, intervention and treatment to Decedent even though they had sufficient information that Decedent had swallowed controlled substances, that may have included methamphetamine, cocaine and bath salts.

94.     Although William Ames, III was forcibly restrained for over twenty-four hours, Defendants named in Count I herein failed to provide any medical evaluation, medical supervision, intervention or treatment to Mr. Ames, III until *he was completely unresponsive* after an entire weekend of being restrained in the chair without breaks, toilet access, and his anti-seizure medication.

95.     Defendants named in Count I herein failed and refused to provide Mr. Ames, III with access to the toilet or any opportunity to stand, move about, or stretch his limbs; and instead, intentionally and maliciously kept Decedent fully restrained in a chair and thus rendered him completely helpless from Friday evening on November 9, 2018 until his death early Sunday morning, November 11, 2018.

96.     Defendants named in Count I herein knew that Mr. Ames, III was in danger of serious harm from swallowing the "flakka" bag of methamphetamine, cocaine and bath salts.

97.     Defendants named in Count I herein knew that Mr. Ames, III was in danger of serious, immediate, and proximate harm from seizures if he was not provided his anti-seizure medication.

98.     Defendants named in Court I herein acted with deliberate indifference to Mr. Ames, III's medical needs, exposing him to a sufficiently substantial risk of serious damage to his health, which ultimately culminated in Mr. Ames, III's untimely and preventable death.

99.     Be refusing to provide Decedent William Ames with proper medical care, Defendants named in Count I herein deprived William Ames of his right to medical care and treatment, in violation of 42 U.S.C. § 1983 and the 8th and 14th Amendments to the Constitution of the United States, and exhibited a callous and deliberate indifference to, and a reckless and conscious disregard for, his serious medical needs, including but not limited to denying him access to intensive and structured medical evaluation, care, treatment, and observation necessary to address serious medical needs and prevent suffering and death.

100.     Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith exhibited a reckless and callous, conscious disregard and deliberate indifference to the obvious and serious threat to the mental health and physical well-being of Decedent William Ames, III.

101.     Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith knew that the Decedent had a history of drug addiction and seizures and there was an obvious and substantial risk that Decedent, if left untreated, would suffer serious injury or death, that such injury or death was reasonably foreseeable, and that the threat of injury or death was imminent and immediate.

102.     In light of the aforementioned averments, William Ames suffered from both an objectively and a subjectively substantial risk of serious harm while under the care and custody of Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith, and said Defendants reacted to this risk in an objectively and subjectively unreasonable manner.

103.    As the result of the actions of the Defendants' named in Count I herein and their disregard of and indifference to Decedent William Ames' constitutionally protected due process rights to be provided with proper medical evaluation and care and to be safe and free from harm, the Decedent's medical needs and physical needs were ignored.

104.    As the result of the actions of the Defendants' named in Count I herein and their deliberate disregard of and deliberate indifference to Decedent William Ames, III's constitutionally protected right to be provided with proper medical evaluation and care and to be kept safe and free from harm, the Decedent was berated and threatened with physical harm if he would not stop making noise while suffering at least one seizure and from an overdose of drugs, and a prolonged, agonizing death while being kept completely helpless from physical restraint.

105.    The death of William D. Ames, III is the direct and proximate result of the deliberate indifference to Mr. Ames, III's medical needs and thus resulting denial of care of Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith.

106.    Taken in total, Defendants' behavior as described in this and every Count of this Complaint shocks the conscience.

107.    As a result of the actions and failures to act of the Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith, Plaintiffs are entitled to such damages as are fair and just for the pain, suffering and death of William D. Ames, III and the loss thus occasioned, including but not limited to the pecuniary losses suffered by the death of Decedent, funeral expenses, and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support; further including the loss of services, attention, advice, protection, earnings, and other value of benefits which would have been provided by William Ames, Jr., during the remainder of his expected lifetime.

**Compensatory Damages**

108.     Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith, in each of their individual capacities.

**Punitive Damages**

109.     The actions and failures to act of Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of William Ames, III.

110.     The actions of Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith were taken in the face of a perceived risk that the actions would violate federal and/or state laws and the Eighth Amendment of the U.S. Constitution as applied to the political subdivisions of the State of Missouri through the Fourteenth Amendment of the U.S. Constitution. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)

111.     The acts of Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith were willfully wrong or done with malice, corruption, or bad faith. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008) (citing *Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006); *Jackson v. City of Wentzville,* 844 S.W.2d 585, 588 (Mo.App.1993).

112.     Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of exemplary or punitive damages against Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith, in their individual capacities, so as to punish the Defendants and deter others from acting in a similar manner.

**Attorney Fees**

113.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their attorney fees and costs incurred in pursuing this claim.

WHEREFORE, Plaintiffs request this Court enter judgement in favor of Plaintiffs and against Defendants Smith, Davis, John Does #1-3, and Heather Katherine Smith, jointly and severally, for damages for the wrongful death of William Ames, Jr., as are fair and reasonable; for reasonable punitive or exemplary damages in such sum as will serve to punish and deter Defendants and others from future conduct such as the described herein; for Plaintiffs' attorney fees and costs herein expended, and for such other and further relief as this Court deems just and proper in the premises.

## COUNT II

### <u>FAILURE TO TRAIN AGAINST DEFENDANTS ST. FRANCOIS COUNTY, MISSOURI AND ST. FRANCOIS COUNTY, MISSOURI'S SHERIFF'S DEPARTMENT; FOR FAILURE TO STAFF APPROPRIATELY TRAINED PERSONNEL</u>

114.     Plaintiffs incorporate the above allegations as if set forth in full herein.

115.     The Sheriff's Department, the County and the Jail all had a duty to train its employees to recognize when a pretrial detainee – one with a disability, no less - needs medical and/or psychological evaluation. *Yellow Horse v. Pennington Cty.,* 225 F.3d 923, 928 (8th Cir. 2000) The Sheriff's Department, the County and the Jail all had a duty to train its employees on how to obtain immediate medical and/or psychological evaluations for pretrial detainees.

116.     On information and belief, the Sheriff's Department, the County and the Jail have intentionally denied Defendants Curtis Davis, Dennis Smith, John Does #1-3 and Heather Katherine Smith the appropriate training to recognize when medical evaluation and/or invention is necessary to save money.

117.    On information and belief, the Sheriff's Department, the County and the Jail have a policy of not staffing appropriate medical personnel on evenings and weekends to save money, and such personnel have the appropriate training to recognize when further medical treatment is needed for a pretrial detainee.

118.    By failing to train the evening and weekend staff on recognizing when a pretrial detainee needs medical treatment, and by failing to provide staff that have those skills, the Sheriff's Department, the County and the Jail violated 42 U.S.C. 1983 and Mr. Ames, III's Constitutional rights.

### Compensatory Damages

119.    The actions of Defendants St. Francois Sheriff's Department, St. Francois County and St. Francois Jail were taken in the face of a perceived risk that the actions would violate federal and/or state laws.

120.    Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendants St. Francois Sheriff's Department, St. Francois County and St. Francois Jail.

### Attorney Fees

121.    Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their attorney fees and costs incurred in pursuing this claim.

WHEREFORE, Plaintiffs request this Court enter judgement in favor of Plaintiffs and against Defendants St. Francois Sheriff's Department and St. Francois County, jointly and severally, for damages for the wrongful death of William Ames, Jr., as are fair and reasonable; for reasonable punitive or exemplary damages in such sum as will serve to punish and deter Defendants and others from future conduct such as the described herein; for Plaintiffs' attorney

fees and costs herein expended, and for such other and further relief as this Court deems just and proper in the premises.

**COUNT III**
**VIOLATION OF 42 U.S.C. § 1982 FOR CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST ALL DEFENDANTS**

122. Plaintiffs incorporate the above allegations as if set forth in full herein.

123. Restraining Mr. Ames, III in a chair for nearly full two days constitutes cruel and unusual punishment.

124. Denying Mr. Ames, III water for approximately twenty-seven hours constitutes cruel and unusual punishment.

125. Denying Mr. Ames, III access to thrice-daily medications to control life-threatening seizures for four days constitutes cruel and unusual punishment.

126. Denying Mr. Ames, III food for approximately twenty-seven hours constitutes cruel and unusual punishment.

127. Denying Mr. Ames, III toilet privileges for approximately twenty-seven hours constitutes cruel and unusual punishment.

128. Denying Mr. Ames, III access to medical evaluation, intervention and treatment constitutes cruel and unusual punishment and resulted in his untimely death.

**Compensatory Damages**

129. Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against all Defendants.

**Punitive Damages**

130.    The actions and failures to act of all Defendants were willful, wanton, malicious, or with complete reckless indifference to, or conscious disregard for, the rights of William Ames, III to be free from any kind of punishment as a pretrial detainee.

131.    The actions of all Defendants were taken in the face of a perceived risk that the actions would violate the Eighth and Fourteenth Amendments to the Constitution, as well as federal and/or state laws.

132.    Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled to an award of exemplary or punitive damages against all Defendants so as to punish the Defendants and deter others from acting in a similar manner.

### Attorney Fees

133.    Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to recover their attorney fees and costs incurred in pursuing this claim.

134.    WHEREFORE, Plaintiffs request this Court enter judgement in favor of Plaintiffs and against all Defendants for damages for the wrongful death of William Ames, Jr., as are fair and reasonable; for reasonable punitive or exemplary damages in such sum as will serve to punish and deter Defendants and others from future conduct such as the described herein; for Plaintiffs' attorney fees and costs herein expended, and for such other and further relief as this Court deems just and proper in the premises.

**COUNT IV**
**VIOLATIONS OF THE REHABILITATION ACT OF 1973, AS AMENDED IN 1992 AND 1998, AND VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT OF 1990(42 U.S.C. § 12101 *ET SEQ.* AND 29 U.S.C. § 701 *ET SEQ.*) AGAINST DEFENDANTS ST. FRANCOIS COUNTY, AND THE ST. FRANCOIS COUNTY SHERIFF'S DEPARTMENT MISSOURI FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND ATTORNEY FEES**

135.   Plaintiffs re-state and re-allege all of the preceding paragraphs as if fully set forth herein.

136.   The claim against Defendants St. Francois County and St. Francois County Sheriff's Department (hereinafter "Sheriff") is brought pursuant to 42 U.S.C. § 12101 *et seq.*

137.   Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* (hereinafter the "ADA") provides, in part, that:

> "No qualified individual with a disability shall, by reason of such
>
> disability, be excluded from participation in or be denied the benefits of
>
> the services, programs, or activities of a public entity, or be subjected to
>
> discrimination by such entity."  42 U.S.C. § 12132.

138.   Title II of the Act prohibits, among other things:

a. Limiting a qualified individual's enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service of an agency; and

b. Subjecting a qualified individual to discrimination under any program or activity conducted by an agency.  28 C.F.R. § 39.130.

139.   Decedent William Ames was disabled as defined by 42 U.S.C. § 12102 and a "qualified individual" as defined by 42 U.S.C. § 12131(2) as the result of a traumatic brain injury that he suffered approximately fourteen years prior to his death and, because of that injury, received disability benefits and  medical treatment with anti-seizure medication.

140.   Defendant St. Francois County and Defendant Sheriff are public entities in charge of the St. Francois County Jail, and each of them violated Title I of the ADA, pursuant to the their standard policies, official decisions or custom and practice.

141.    Defendant St. Francois County and Defendant Sheriff owed Decedent William Ames, III a non-delegable duty to ensure that his well-being and safety would not be compromised as a result of discrimination based on his disability.

142.    Defendant St. Francois County and Defendant Sheriff are vicariously liable for the actions of any and all persons or entities Defendant St. Francois County and Defendant Sheriff designated to care for Decedent Ames.

143.    The agents and employees of Defendant St. Francois County and Defendant Sheriff were authorized to act for Defendant St. Francois County and Defendant Sheriff when they committed the ADA violations alleged herein.

144.    The agents and employees of Defendant St. Francois County and Defendant Sheriff accepted the undertaking of acting on behalf of Defendant St. Francois County and Defendant Sheriff when they committed the ADA violations alleged herein.

145.    The agents and employees of Defendant St. Francois County and Defendant Sheriff were controlled by Defendant St. Francois County and Defendant Sheriff when they committed the alleged ADA violations.

146.    The ADA violations alleged herein were committed by agents and employees who were acting within the course and scope of their employment and/or agency with Defendant St. Francois County and/or Defendant Sheriff.

147.    Defendant St. Francois County and Defendant Sheriff and their personnel and hired entities charged with Mr. Ames, III's care knew or should have known of Decedent Ames III's need for reasonable accommodations.

148.    Defendant St. Francois County and Defendant Sheriff and the persons and entities charged with caring for persons with disabilities, like Decedent, acted intentionally and/or with

deliberate indifference to Decedent's need for reasonable accommodations as a person with disabilities, in that:

     a.  Decedent Ames, III, through the lack of treatment and adequate supervision, was not able to interact with others, form friendships, visit, chat, and move at liberty within set bounds, subject only to administrative and disciplinary needs.

     b.  Decedent Ames, III, through the lack of treatment and adequate supervision, was not able to enjoy physical comforts such as games, books, radios, access to canteen, frequent showers, visits, and phone calls, subject only to administrative and disciplinary needs.

     c.  Decedent Ames, III, through the lack of treatment and adequate supervision, was not able to enjoy educational facilities, including a library, writing materials, study aids, and educational programs, subject only to administrative and disciplinary needs.

     d.  Decedent Ames, III, through the lack of treatment and adequate supervision, was not able to enjoy religious activities, including chapel, study groups, religious materials, icons and observances, subject only to administrative and disciplinary needs.

     e.

     f.  Decedent Ames, III, through the lack of treatment and adequate supervision, was deprived of a safe environment, free of known hazards, with adequate sanitation and removal of traps and obstructions.

g.  Decedent Ames, III, being deprived of his seizure medications and with his extremities restrained, was exposed to a range of hazards that led to his death.

h.  Decedent Ames III, was entitled to receive care and treatment that was responsive to his particular health needs, including testing, diagnosis, surgery, and monitoring; instead, Decedent was strapped into restraints and deprived of food, water, and access to toilet facilities in an effort to keep Decedent subdued and silent throughout the weekend.

i.  Decedent Ames III, was entitled to receive security monitoring to protect him from violence at the hands of other inmates and staff. Decedent Ames III, was restrained at the hands of the staff and received little or no security monitoring.

149.  As a direct and proximate result of the policies, official decisions or custom and practice of Defendants St. Francois County and Defendant Sheriff and their agents and employees who were charged with caring for Decedent, to refuse and fail to provide William Ames, III with accommodations for his disability and the satisfaction of common needs necessary to a decent life, Mr. Ames, III suffered from prolonged isolation, despair, physical pain and, ultimately, death from an untreated overdose while restrained to a chair from early Friday evening of November 9, 2018 to early Sunday morning on November 11, 2018.

**Compensatory Damages**

150.  Pursuant to 42 U.S.C. § 1201 *et seq.*, Plaintiffs are entitled to an award of compensatory damages against Defendant St. Francois County and Defendant Sheriff.

151.    The actions of Defendant St. Francois County and Defendant Sheriff were taken in the face of a perceived risk that the actions would violate federal and/or state laws.

152.    Plaintiffs are entitled to an award of exemplary or punitive damages against Defendant St. Francois County and Defendant Sheriff, so as to punish the Defendants and deter others from acting in a similar manner.

**Attorney Fees**

153.    Pursuant to 42 U.S.C. § 12205, Plaintiffs are entitled to recover their attorney fees and costs incurred in pursuing this claim.

WHEREFORE, Plaintiffs request this Court enter judgement, pursuant to 42 U.S.C. § 1201 *et seq,* in favor of Plaintiffs and against Defendant St. Francois County and Defendant Sheriff, jointly and in their individual capacities, for damages for the wrongful death of William Ames, Jr., as are fair and reasonable; for Plaintiffs' attorney fees and costs herein expended, and for such other and further relief as this Court deems just and proper in the premises.

**SUPPLEMENTAL STATE CLAIM**

**COUNT V**

**<u>WRONGFUL DEATH AGAINST ALL DEFENDANTS</u>**

154.    Plaintiffs re-state and re-allege each and every one of the preceding paragraphs as if fully set forth herein.

155.    Plaintiffs William Ames and Laurie Braun bring this wrongful death action as the surviving natural father and natural mother of Decedent William D. Ames, III pursuant to R.S.Mo. § 537.080(1).

156.    All Defendants owed a non-delegable duty to Decedent Ames to use reasonable care to ensure his safety.

157.    Defendants as named herein failed to perform their duty of using reasonable to ensure the Decedent's safety.

158.    Defendants Sheriff, Smith, Davis, John Does #1-3, and Heather Katherine Smith failed to monitor and treat Decedent's medical condition and needs, including, but not limited to:

a.    Failing to provide Decedent, who was known by them to have a history of seizures and illegal use of controlled substances, with a medical examination upon his arrival on Thursday, November 8, 2018.

b.    Failing to provide the Decedent, who was known to suffer from debilitating seizures, with his prescription anti-seizure medication.

c.    Failing to provide Decedent, who had a history of illegal use of controlled substances, with regular monitoring despite being made aware while in their care and custody that Mr. Ames, III had just prior to his arrest swallowed a plastic bag containing a dangerous drug cocktail known locally as "flakka".

d.    Failing to provide Decedent with immediate crisis stabilization care despite having knowledge of Decedent's history of seizures, drug usage, and recent ingesting of a dangerous illegal drug cocktail of methamphetamine, cocaine and bath salts.

e.    Failing to address Decedent's lack of unrestricted movement, exercise, food, water, access to a toilet, companionship, and physical well-being.

f.    In the absence of addressing his needs failing to at least place Decedent Ames under adequate supervision during Decedent's long hours of

being physically restrained in a chair or taking preventive measures necessary
to prevent his death, despite knowledge of the risk posed by Decedent's
medical history, history of illegal drug use, and the recent news that Decedent
had recently ingested a bag containing a dangerous street drug cocktail known
as "flakka."

159.    As a direct and proximate result of the failures by Defendants Sheriff, St. Francois County, Smith, Davis, John Does #1-3, and Heather Katherine Smith to perform their duty of reasonable care to ensure the safety of William Ames, Jr., William Ames Jr. suffered cruel and unusual punishment for hours on end as the result of an overdose before dying of acute methamphetamine intoxication, not to mention the inability to move, to use the toilet, to drink water or have food to eat.

160.    Defendants Sheriff, St. Francois County, Davis, Smith, John Does #1-3, and Heather Katherine Smith were aware that inmates, including Decedent Ames, were not receiving minimally adequate health care at St. Francois County Jail.

161.    It was reasonably foreseeable that harm would befall Decedent Ames, either directly or indirectly, as the result of the actions and omissions of Defendants Sheriff, St. Francois County, Smith, Davis, John Does #1-3, and Heather Katherine Smith.

WHEREFORE, Plaintiffs pray for such sums as are fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00) as actual damages against Defendants St. Francois County, St. Francois County Sheriff, Dennis W. Smith, Curt Davis, Heather Katherine Smith, and John Does #1-3; further, Plaintiffs pray for an additional sum as is fair and reasonable for damages for the aggravating circumstances attending the death of Decedent. William Ames, Jr.; together with their costs herein expended, plus pre-judgment interest.

Respectfully submitted,
**Manley, Karraker & Karraker, P.C.**

/s/ Vonne L. Karraker
Vonne L. Karraker, MBE #56335
110 S. Jefferson Street
P. O. Box 454
Farmington, MO 63640
Telephone:    573-756-6446
Facsimile:    573-756-5151
vonne@semoelderlaw.com

Attorney for Plaintiffs