## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM AMES, JR., et al.,<br><br>　　Plaintiffs,<br><br>vs.<br><br>ST. FRANCOIS CO. SHERIFF'S DEPARTMENT, et al.,<br><br>　　Defendants. | Case No. 4:19-cv-00173-SRC |

## MOTION FOR SANCTIONS

COME NOW Plaintiffs, by and through counsel, and move the Court for an Order of Sanctions against Defendants or Defendants' counsel or both pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37 for their failure to abide by the Orders of the Court of August 27, 2019 (ECF Doc. 12) and October 1, 2019 (ECF Doc. 13); and as further sanctions, to Amend the Case Management Order for good cause to require Early Neutral Evaluation, at Defendants' expense, in lieu of mediation; and in support of same, Plaintiffs state as follows:

### Memorandum in Support

At the August 27 pre-trial conference, the Court specifically admonished the attorneys to attend mediation "with settlement authority" and the parties agreed to do so. The October 1, 2019 Order (ECF Doc. 13) directed the parties to attend mediation with settlement authority and to participate in good faith pursuant to Rule 16-6.02(b).

From September 24 to October 10, Plaintiffs' counsel Vonne Karraker engaged in good-faith communications with Defendants' counsel William Hellmich to select a mediator. Hellmich rejected all of Karraker's suggested mediators on the erroneous claim that none had civil rights

experience, while simultaneously offering up the names of mediators who appeared to have no such experience themselves. On October 10 Hellmich declared that no agreement could be reached and then advised Karraker of "one other thing:" the mediation would have to be "subject to Board approval" because the board of directors for Defendants' insurer "does not meet until early or mid-December." **Exh. 1 Emails between counsel 9/24/19-10/10/19.**

In actuality, the board of trustees for Defendants' insurer, MOPERM, held their regular quarterly meeting on September 13, 2019, in part to discuss "legal actions and litigation." **Exh. 2, screenshot of Missouri Public Entity Risk Management Funds *Open Meeting Notice* September 6, 2013 http://moperm.com/OpenMeeting.html, last visited October 17, 2019.** Further, the board has the ability to convene a special meeting "at the call of the chairperson or the consent of any three of the Board members." **Exh. 3 screenshot of Missouri Public Entity Risk Management Funds, *Board of Trustees,* http://moperm.com/Board.html, last visited October 17, 2019.** Hellmich, in a phone call on or about October 14, denied knowledge of the board's ability to call a special meeting, refused to request a special meeting of the board to obtain settlement authority, and threatened to tell his client to reject mediation and "push it off for six months" unless Plaintiffs agreed to allow Defendants to engage in mediation without settlement authority. At the August 27 pre-trial conference Defendants agreed to attend mediation with settlement authority and could have secured such authority on September 13. Defendants did not secure settlement authority on that date and refused Plaintiffs' requests to seek it thereafter. Defendants and/or Hellmich merit sanctions for causing undue burden, expense, and delay to Plaintiffs by agreeing in advance to comply with the mediation Order and thereafter inducing Plaintiffs' attorney to waste time and resources preparing for mediation while concealing for many weeks that they could not and ultimately would not comply with the Order.

Plaintiffs request the Court to modify its October 1, 2019 Case Management Order by directing the parties to submit to Early Neutral Evaluation by December 6, 2019, at Defendants' expense, as good cause exists to promote the efficient resolution of this case and to remove the incentive for Defendants to cause further delay or undue burden to Plaintiffs via abuse of the mediation process. Plaintiffs seek an Order directing Defendants, Defendants' attorney William Hellmich, or both, to pay Plaintiffs' reasonable attorney fees incurred due to Defendants' noncompliance. Plaintiffs seek such other relief as is just and proper in the premises.

Respectfully submitted,

**Manley, Karraker & Karraker, P.C.**

/s/ Vonne L. Karraker_____
Vonne L. Karraker, MBE #56335
110 S. Jefferson Street
P. O. Box 454
Farmington, MO 63640
Telephone:     573-756-6446
Facsimile:     573-756-5151
vonne@semoelderlaw.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2019, a true and accurate copy of the foregoing document was served, via the ECF system, to the following counsel of record: Michelle Stallings michelle@hellmichhillretter.com and to Bill Hellmich via email at bill@hellmichhillretter.com.

/s/ *Vonne L. Karraker*_____
Vonne L. Karraker, #56335MO
110 S. Jefferson Street
P. O. Box 454
Farmington, MO 63640
Telephone:     573-756-6446
Facsimile:     573-756-5151
vonne@semoelderlaw.com
Counsel for Plaintiffs