UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM AMES, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:19-CV-00173 SCR |
| ) | |
| ST. FRANCOIS COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## CONSENT PROTECTIVE ORDER WITH CLAWBACK PROVISION

Plaintiffs William Ames, Jr., Laurie Braun, and the Estate of William D. Ames, III ("Plaintiffs") and Defendants St. Francois County Sheriff's Department, St. Francois County ("St. Francois County"), Hardy White, Jacob Lunsford, Dillon Sansoucie, Kevin Davis, Tim Hansen, Luke Nickelson, Alicia Hodge, Zerick Hahn, Dennis W. Smith, and Heather K. Smith ("Defendants") in this action (collectively "the Parties"), by and through their undersigned counsel, hereby stipulate and agree that the following Consent Protective Order with Clawback Provision shall govern the use and handling of materials containing confidential information regarding individual arrestees and prisoners detained at the St. Francois County Jail.

To expedite the exchange of Discovery Material (defined below) in the above-captioned action ("Litigation"), to facilitate the prompt resolution of disputes over confidentiality, and to protect certain Discovery Material pursuant to the terms set forth below, it is, pursuant to this Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, it is hereby **ORDERED:**

      1.      **<u>Definitions</u>.**

(a)      **Party:**  shall mean a plaintiff or defendant in this Litigation. "Parties" shall mean both Plaintiffs and Defendants in this Litigation.

(b)      **Discovery Material:**  shall mean all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, electronically stored information, or tangible things) that are produced or generated in disclosures or responses to discovery requests in this Litigation, or otherwise shared between the parties. This includes any material produced, filed, or served by any Party or person during discovery in this Litigation or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents, electronically stored information, and tangible things produced by a Party or person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(c)      **"Confidential" Material:**  shall mean information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this Litigation that the Designating Party or person believes in good faith contains confidential research, development, proprietary, or commercial information, within the meaning of Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure, or personal information regarding citizens not generally disclosed to the public by such Party or person.

(d)      **"Highly Confidential" Material:**  shall mean information (regardless of how generated, stored, or maintained), testimony, or tangible things containing competitive or highly sensitive information, including, but not limited to: (i) an individual's family, financial, medical or personnel records, as well as any documents obtained from REJIS or other such law-

enforcement utility or database; (ii) material or information constituting a trade secret, within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, in the possession of such Party or person, including trade secrets of others; or (iii) material or information in possession of a Party or person that is subject to an independent legal obligation of confidentiality to a third party or person.

(e) **Receiving party:**  shall mean a Party that receives Discovery Material from a Producing Party in this Litigation.

(f) **Producing Party:**  shall mean a Party or non-party that produces Discovery Material in this Litigation.

(g) **Designating Party:**  shall mean a Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential."

**2. Designating Documentary Discovery Material**.

Any Party may designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material, and such material shall be treated in accordance with the provisions of this Protective Order, provided that materials are prepared in such a manner that they are marked prominently "Confidential" or "Highly Confidential," as applicable, on each page of the document. If Discovery Material entitled to protection pursuant to this Protective Order is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the Confidential Discovery Material or Highly Confidential Discovery Material shall be marked "Confidential" or "Highly Confidential," as applicable. To the extent a Party wishes that Confidential Discovery Material or Highly Confidential Discovery Material be filed under seal with the Court, the Party shall follow the procedures outlined in Local Rule 83- 13.05.

3.   **<u>Designating Confidential and Highly Confidential Discovery Material.</u>**

The designation of information as "Confidential" or "Highly Confidential" constitutes a representation by the Designating Party and such Party's counsel that such document, material, or information has been reviewed and that the Designating Party and its counsel have a good faith basis for the designation. The fact that any matter has been designated by a producing party as "Confidential" or "Highly Confidential" shall not be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation.

4.   **<u>Designating Confidential and Highly Confidential Discovery Material in Depositions</u>**.

Counsel for any deponent may designate testimony or exhibits as Confidential or Highly Confidential by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential or Highly Confidential Discovery Material. Counsel for any party may designate exhibits in which that Party has a cognizable interest as Confidential or Highly Confidential Discovery Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential or Highly Confidential Discovery Material. Failure of counsel to designate testimony or exhibits as confidential at a deposition, however, shall not constitute waiver of the protected status of the testimony or exhibits. Parties and deponents may, within thirty (30) business days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential or Highly Confidential to the extent the Party or deponent believes the pages contain material or information entitled to protection (as defined in Paragraph 1 above). Such arguably Confidential or Highly Confidential Discovery Material within the deposition transcript may be designated only by sending a letter indicating the page and line numbers of the

deposition transcription that the Party or deponent designates as "Confidential" and/or "Highly Confidential" to counsel for the party taking the deposition and to the court reporter. Until the expiration of the 30-day period during which such designations may be made, the entire deposition will be treated as subject to protection as Highly Confidential under this Protective Order. If a designation is made, the Confidential and Highly Confidential portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 2 above. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential or Highly Confidential shall be afforded the same status. The fact that any matter has been designated by a producing party as "Confidential" or "Highly Confidential" shall not be construed as creating any presumption as to the confidentiality of such matter in the event of a motion challenging the confidentiality designation.

    **5.**    **Use and Disclosure of Confidential or Highly Confidential Discovery Material.**

    (a)    Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential or Highly Confidential may be used only in connection with the prosecution or defense of claims in, or the settlement of, this Litigation.

    (b)    **Limitations on Disclosure of Confidential Discovery Material.**

Confidential Material may be disclosed only:

    (1) to Parties in this Litigation;

    (2) to Parties' internal counsel, and their legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Litigation;

(3) to Parties' external counsel and other plaintiffs' counsel who have entered an appearance in this Litigation, and their respective legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Litigation on behalf of named Parties;

(4) to this Court, or any other court exercising jurisdiction with respect to the Litigation, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

(5) to any person designated by the Court upon such terms as the Court may deem proper;

(6) to any special master, mediator, or arbitrator engaged by the parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding issues arising in this Litigation;

(7) to agents, employees, or other representatives of the Parties or their counsel in connection with this Litigation;

(8) to outside consultants or experts (whether testifying or non-testifying) retained by a Party or counsel to the Litigation, provided the consultants or experts sign the "Acknowledgement and Consent" attached as Exhibit A to this Order before being shown Confidential matter. In the event consultant or expert refuses to sign the "Acknowledgement and Consent," he or she may be shown Confidential matter only at a deposition after, on the record of the deposition: stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any

person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court.";

(9) to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of Confidential Discovery Material except as provided in this Protective Order is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of Confidential Discovery Material by such contractors;

(10) to: (a) the person or entity that produced or originally created the Discovery Material; (b) any author, addressee or recipient of the material indicated on its face; or (c) any person or entity expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face, and only to the extent that such person or entity is expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face, provided that such person or entity execute, in advance, a written undertaking in a form substantially in keeping with the terms of Exhibit A, attached hereto, acknowledging the obligation to be bound by this Confidentiality Order and agreeing to refrain from dissemination or discussion of the Confidential Discovery Material outside the confines of the formalities of this Litigation, as more particularly set forth in Paragraph 5(b)(11) below. In the event a person or entity refuses to sign the "Acknowledgment and Consent" he or she may be shown Confidential matter only at a

deposition after, on the record of the deposition: stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court."

(11) to a witness in the Litigation not otherwise authorized to view the Confidential Discovery Material in question, during that witness's testimony at a deposition, hearing, or trial in the Litigation, provided that: (a) the examiner of the witness has a good faith belief that the witness is likely to have knowledge of the subject matter of the Confidential Discovery Material; and (b) the witness signs, in advance, the "Acknowledgement and Consent" attached as Exhibit A, acknowledging that this Protective Order forbids him or her to disclose the Confidential Discovery Material except as permitted under this Protective Order, that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order and the witness is not permitted to possess or retain copies of such Confidential Discovery Material. In the event a witness refuses to sign the "Acknowledgment and Consent" he or she may be shown Confidential matter only at a deposition after, on the record of the deposition: stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court.";

(12) to any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

**(c)** **Limitations on Disclosure of Highly Confidential Discovery Material.**

Except as provided in this Protective Order, Highly Confidential Discovery Material may be disclosed only to those persons described in subparagraphs (2), (3), (4), (5), (6), (8), (9), (10), (11) and (12) of subparagraph 5(b) and provided that any persons to whom Highly Confidential Discovery  Material is disclosed pursuant to subparagraphs 5(b)(8), 5(b)(10) and 5(b)(11) executes, in advance, a written undertaking substantially in the form of Exhibit A.  Nothing in this paragraph shall be construed to allow any individual identified in subparagraph (10) of subparagraph 5(b) to have access to any Highly Confidential Discovery Material to the extent that such person or entity is not expressly mentioned, discussed, or referred to by actual name in the material as indicated on its face.

**(d)** **Undertaking.**

Before disclosure of any Confidential or Highly Confidential Discovery Material is made to any Party or person described in:

(i) subparagraphs (8), (9), (10) and (11) of subparagraph 5(b); or

(ii) subparagraph 5(b)(7), if such Party or person is not employed by the Producing or Designating Party or is not otherwise authorized to view Confidential or Highly Confidential Discovery Material under the other provisions of subparagraphs 5(b) or 5(c); or

(iii) subparagraph 5(b)(1) (to the extent the person is not a current employee of the producing party) and subparagraph 5(c), such Party or person shall sign an undertaking substantially in the form of Exhibit A, attached hereto, certifying:

(1) that the signatory has read, understands, and will abide by the terms of this Protective Order,

(2) that the signatory will not disclose the Confidential or Highly Discovery Material, or the Confidential or Highly Confidential information contained therein, to any person not authorized by this Protective Order to receive disclosure, or use such document or material for any purpose other than the conduct of this Litigation; and

(3) that the signatory consents to the jurisdiction of the United States District Court for the Eastern District of Missouri for any action to enforce the provisions of such undertaking.

The undertakings so obtained shall be deemed work product, and counsel for the Party who obtains them shall retain them during the course of this Litigation. In the event a person or entity refuses to sign the "Acknowledgment and Consent" he or she may be shown Confidential matter only at a deposition after, on the record of the deposition: stating such refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court."

**6.     Challenging Designations of Confidential or Highly Confidential Discovery Material.**

If a Party contends that any matter is not entitled to confidential treatment, the following procedures apply:

(a)     Timing of Challenges. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. A Party that wishes to challenge a confidentiality designation must do so in good faith and by conferring directly, via voice-to-voice dialogue, email, letter or in person, with the designating party. A request by the challenging party to meet and confer must be honored by the designating party within five (5) business days of the request being made. In conferring, the challenging party must identify the matter that is subject to the challenge, the basis for its belief that the confidentiality designation was not proper, and give the designating party a reasonable opportunity to review the designated matter, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. Unless otherwise agreed, a response to any challenged designation must be received within ten (10) business days of the meet and confer between counsel.

(c) <u>Judicial Intervention</u>. If, following the ten (10) business days as set forth in 6(b), a party still wishes to challenge a Confidential or Highly Confidential designation, the challenging party must provide written notice to the Producing Party that the disagreement with respect to the designation cannot be resolved informally. The Producing party must file a motion with the Court within 30 days after receiving the written notice (or within such additional time as is reasonable taking into account the number of documents or other information at issue and is agreed to by counsel or as ordered by the Court) that identifies the challenged matter and sets forth in detail the basis for the designation. The burden of persuasion on any such motion shall be on the party or non-party that has designated matter as Confidential or Highly Confidential.

(d) Notwithstanding any motion asserting the designation of matter as Confidential or Highly Confidential, all matter shall continue to be treated as they were designated and shall be subject to the provisions hereof unless and until one of the following occurs:

(i) the party or non-party who claims that the matter is Confidential or Highly Confidential withdraws or changes such designation in writing; or

(ii) the Court rules the matter is not entitled to protection as Confidential or Highly Confidential matter.

7. **Inadvertent Failure to Designate.**

Except as provided in this paragraph, following a Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as Confidential or Highly Confidential, provided that, at the time of making the later designation, the Designating Party provides to the Receiving Party a replacement copy of the Discovery Material that is properly marked "Confidential – Subject to Protective Order" or "Highly Confidential – Subject to Protective Order" in accordance with Paragraph 2 of this Protective Order. No Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, the relevant documents or materials shall be treated as Confidential or Highly Confidential in accordance with this Protective Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief. If an inadvertently omitted

Confidential or Highly Confidential designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout the deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

        **8.**       **Unintentional Production of Confidential or Privileged Materials; "Clawback" Agreement.**

        (a)       The parties acknowledge that the information requested by the Plaintiffs in this case requires review of a substantial volume of documents, likely containing hundreds of thousands of pages.  While St. Francois County does not expect that such files contain privileged information, the parties recognize that the sheer volume of documents involved raises the possibility of the inadvertent disclosure of privileged information.  Therefore, the parties hereby explicitly agree and stipulate that St. Francois County, by producing records pertaining to detainees since November 8, 2013, does not waive any claim of privilege whatsoever by the production of such documents for inspection by the Plaintiffs.  If information subject to a claim of attorney-client privilege, attorney work-product or any other valid ground under the law is nevertheless inadvertently or unintentionally produced, transmitted, or disclosed ("Disclosed Protected Information") to a party or parties, such production, transmittal, or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or any other valid ground under the law.  The Plaintiffs specifically agree and stipulate that they cannot assert that production of the Disclosed Protected Information constitutes any waiver of a claim of privilege or of protection as trial-preparation material.  Pursuant to Federal Rule of Evidence 502(d), the Court orders that the privilege or protection is not waived by disclosure connected with the litigation pending before the court — in which event the disclosure is also not a waiver in any other federal or state proceeding.

(b) In the event that Plaintiffs discover such Disclosed Protected Information in the course of their inspection, the Plaintiffs stipulate and agree that they will immediately notify the Defendant of such discovery, cease inspection of such Disclosed Protected Information, return the original to the Defendant or Defendant's file, and immediately surrender to the Defendant or destroy any copy, notes or other document which it may have obtained or generated containing such Disclosed Protected Information.  Plaintiffs and their counsel agree and stipulate that under no circumstances will any document designated as privileged herein be removed or transmitted in any fashion from any St. Francois County office where any inspection is conducted without the express written consent of St. Francois County's counsel or further order of this Court. Plaintiff's and their counsel further agree and stipulate that under no circumstance will any person outside of St. Francois County and its counsel of record in this case be made aware of the content of the Disclosed Protected Information outside of the person discovering such Disclosed Protected Information and Plaintiffs' current counsel of record in this action.

(c) If a disclosing party asserts a claim of inadvertent production, transmittal, or disclosure as to Disclosed Protected Information then in the custody of another party, such receiving party shall, within five (5) business days of being notified of such claim, return, or sequester the original and all copies of the information (except as necessary to file the motion with the Court referenced below) to the disclosing party and the receiving party shall not use such Disclosed Protected Information for any purpose.  If the receiving party has already shared such Disclosed Protected Information prior to a demand for its return from the disclosing party, then the receiving party shall not be liable for a violation of this order, and shall further promptly notify the other affected person or persons and shall collect and return all copies.

(d) If the receiving party disputes a claim of attorney-client privilege, attorney work

product or any other valid ground under the law, it may move the Court for an Order compelling production of the material, which motion shall be requested to be filed under seal and which may attach the material for the Court's inspection.

9. **Confidential or Highly Confidential Documents and Materials at Hearing or Trial.**

Disputes arising as to the use of Confidential or Highly Confidential Discovery Material or information at trial or hearings will be resolved by the Court prior to the disclosure of such materials at trial or hearings. In addition, no fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in this Litigation, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material previously designated Confidential or Highly Confidential at trial. To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

10. **Further Requests for Production.**

If, at any time, any Confidential or Highly Confidential Discovery Material in the possession, custody, or control of any person or Party other than the Designating Party that designated such Confidential or Highly Confidential documents or materials is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person or Party to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party. The person or Party to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party should the Designating Party oppose the request for production of such documents or materials. Other than

the obligation to comply with these requirements, this Protective Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

11. **Miscellaneous.**

(a) By this Protective Order, no Party hereto shall be deemed to have waived its right to assert that any particular document should or should not be accorded Confidential or Highly Confidential treatment. The parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules. For purposes of computing any period of time under this Protective Order, the provisions of Fed. R. Civ. P. 6 and the Local Rules of the Court shall apply. This Protective Order may be executed in counterparts.

(b) This Protective Order does not address, limit, or determine the relevance, discoverability, or admission into evidence of any document. The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

(c) At the conclusion of the case, any sealed documents that were filed with the Court shall be removed from the Court's docket by the Clerk of the Court.

12. **Termination.**

The provisions of this Protective Order shall continue to be binding after final termination of this Litigation. Within one hundred and twenty (120) days after final conclusion of all aspects of this Litigation, including any appeals, any Party and all persons who received (or tendered to any other person) documents or materials designated, in whole or in part, as Confidential or Highly Confidential (or any copy thereof) must, at the option of the Producing Party: (i) return such documents and materials to the Producing Party; or (ii) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) has destroyed those

documents and materials and the portions of all other material containing such Confidential or Highly Discovery Material. The costs of return of the documents and materials to the Producing Party shall be borne by the Producing Party. The costs of destruction of the documents and materials shall be borne by the Receiving Party. The costs associated with providing the aforementioned certification shall be borne by the certifying person(s), but it shall be the obligation of counsel for the Receiving Party to admonish any such person making such certification with respect to the seriousness of the obligation. Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential or Highly Confidential documents or materials.

13. **Modification Permitted.**

Nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Protective Order in the interest of justice. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interests of justice.

14. **Additional Parties.**

The terms of this Protective Order shall be binding upon all current and future Parties to this Litigation and their counsel. Following entry of this Protective Order:

(a) within ten (10) days of: (i) the entry of an appearance by a new plaintiff or absent class member that elects to appear or to intervene in this Litigation; or (ii) the transfer of a complaint that arises out of the same operative facts alleged in the Complaint, Plaintiffs' Counsel shall serve a copy of this Protective Order on counsel for any new plaintiff or absent class member;

(b) within ten (10) days of: (i) the entry of an appearance by a new defendant or third-party defendant in the Litigation; or (ii) the transfer of a complaint that arises out of the same operative facts alleged in the Consolidated Amended Complaint, defendants' Counsel shall serve a copy of this Protective Order on counsel for any new defendant or third-party defendant.

15. **Application to Non-Parties.**

Protection for Confidential Discovery Material Produced By Non-Parties:  Any non-party producing Discovery Material or giving deposition testimony in this Litigation may avail herself, himself, or itself of the Confidential and Highly Confidential treatment provided for in this Protective Order for her, his, or its testimony and Discovery Material by following the procedures detailed herein. All counsel in this Litigation shall have the obligation to inform any non-party who expresses concern or makes inquiry that pertains to issues addressed by this Protective Order of this Protective Order and, if requested, to provide a copy of this Order to such person. This Protective Order shall be binding upon such non-parties or absent class members unless they object, in writing to counsel for a Party and/or to the Court, to its terms within ten (10) days of service upon them of this Protective Order.

**SO ORDERED:**

_SL R. CL_         May 19, 2020
JUDGE         DATE

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM AMES, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 4:19-CV-00173 SCR |
| ) | |
| ST. FRANCOIS COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## ACKNOWLEDGEMENT AND CONSENT

I hereby certify that: (i) I have read the Protective Order Governing Confidential Discovery Material (the "Protective Order") that has been entered by the Court in the above-captioned action, and I understand its terms; (ii) I understand that Discovery Material designated as Confidential or Highly Confidential under the Protective Order is being provided to me pursuant to the terms of the Protective Order; (iii) I agree to be fully bound by the provisions of the Protective Order, including its provisions restricting disclosure of material designated as Confidential or Highly Confidential under the Protective Order and limiting the use of such material to the conduct of this Action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Missouri for purposes of enforcement of the Protective Order.

Dated: _____                    Signature: _____

                                                                     Printed Name: _____