UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM AMES, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Cause No. 4:19-CV-00173 SCR |
| ) | |
| ST. FRANCOIS COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. Proc. 56(a) and E.D.Mo. L.R. 7-4.01, Defendants St. Francois County, Hardy White, Jacob Lunsford, Dillon Sansoucie, Kevin Davis, Tim Hansen, Luke Nickelson, Alicia Hodge, Zerick Hahn, Dennis W. Smith, and Heather Kathrine Smith submit the following statement of uncontroverted material facts in support of their joint motion for summary judgment:

1. On the afternoon of Thursday, November 8, 2018, William D. Ames, III (hereafter "Ames") was arrested in a traffic stop St. Francois County, Missouri.  (First Amended Complaint, ECF 24, ¶40).

2. Just prior to his arrest, Ames swallowed a baggie containing a street drug commonly referred to as "Flakka."  (First Amended Complaint, ECF 24, ¶42).

3. Ames was incarcerated at the St. Francois County Jail from November 8, 2018 at 4:51 p.m. through November 11, 2018 at 2:05 a.m.  (First Amended Complaint, ECF 24, ¶82).

4. Ames suffered a traumatic brain injury in 2004 which left him with a seizure disorder,

and as a result, he took anti-seizure prescription medications to prevent further seizures. (First Amended Complaint, ECF 24, ¶36).

5. Ames was booked, in part, by Defendant Lunsford, who completed the general assessment and medical questionnaires with Ames. Ames indicated that he was taking medications, but did not identify them or state for what condition they had been prescribed. Ames did not tell Defendant Lunsford that he suffered from seizures, or that he required any special medical care. Defendant Lunsford had no further interaction with Ames for the duration of his detention. (Ex. I, Declaration of Jacob Lunsford, ¶5, Ex. I-1 and Ex. I-2)

6. Defendant Sansoucie's contact with Ames was also minimal; on November 8, 2018, Sansoucie was present when Ames was brought in to the St. Francois County Jail and searched him as part of the booking process. On the evening of November 10, 2018, Sansoucie entered Ames' cell to bring him food and water; he unstrapped one of Ames' arms, and when Ames did not feed himself, Sansoucie fed him. (Ex. H, Declaration of Dillon Sansoucie, ¶¶5-7)

7. On Friday November 9, 2018, at approximately 11:00 a.m., Ames' girlfriend, Maycie Murphy, delivered Ames' medications to an unknown deputy at the Sheriff's Department. (Ex. L, Excerpts of Maycie Murphy Deposition, at 58:7-61:9, 62:1-5)

8. Ames did not receive any of the medication delivered by Ms. Murphy during his incarceration. (First Amended Complaint, ECF 24, ¶82).

9. Defendant Hahn worked in the Central Control room on the nights of Friday, November 9, 2018 and Saturday, November 10, 2018, and was able to monitor Ames over the closed circuit camera system, however he did not have any face-to-face interaction with Ames until he was discovered non-responsive in the early morning hours of November 11, 2018. (Ex. D, Declaration of Zerick Hahn, ¶¶5, 7; Ex. E, Declaration of Kevin Davis, ¶9)

10. At approximately 1:30 a.m. on Saturday, November 10, 2018, Ames became unruly, threatened to harm another detainee in his cell, and was placed in the restraint chair by Defendants Davis and Hansen. (Ex. E, Declaration of Kevin Davis; ¶6;  Ex F, Declaration of Tim Hansen, ¶6)

11. Ames's behavior continued after he was placed in the restraint chair, and throughout Saturday, November 10, 2018, he was yelling and making loud noise, moving around, and talking about people who were not there. (Ex. E, Declaration of Kevin Davis, ¶6;  Ex F, Declaration of Tim Hansen, ¶6; Ex. C, Declaration of Alicia Hodge, ¶6, and C-1)

12. At some point on Saturday, November 10, 2018, Defendant Davis spoke with one of Ames' prior cellmates to try to learn why he was behaving like that.  The other detainee denied that Mr. Ames had taken any drugs and advised Davis that he was aware that Ames had a prior head injury, would go through these episodes, but would eventually work his way out of it.  Defendant Davis did not understand it to be an urgent matter, as it was an old injury from years before.  The other detainee did not tell Defendant Davis at any time that Mr. Ames suffered from seizures or required seizure medication.   (Ex. E, Declaration of Kevin Davis, ¶7)

13. At approximately 6:37 a.m. on Saturday, November 10, 2018, Defendant Hodge assisted Defendants Davis and Hansen in entering a log in the jail's computer system describing Ames's behaviors and when he was placed in the restraint chair. (Ex. E, Declaration of Kevin Davis, ¶8; Ex F, Declaration of Tim Hansen, ¶8; Ex. C Declaration of Alicia Hodge, ¶6, and C-1)

14. Defendants Hodge and Nickelson checked on Ames throughout the Saturday, November 10, 2018 day shift - both through the cell window and Nickelson entered the cell on at least two occasions - and had similar observations of Ames yelling, making noise, and speaking to people who weren't in the room with them. (Ex. C, Declaration of Alicia Hodge, ¶7; Ex. G, Declaration

of Luke Nickelson, ¶6)

15.     Before her shift concluded at 3:00 p.m. on Saturday, November 10, 2018, Defendant Hodge sent an email to all of the jail staff describing how Ames's behaviors had continued through the day, and that he had threatened to kill himself. (Ex. C, Declaration of Alicia Hodge, ¶7, and C-2)

16.     Detainees in the neighboring cell, Casey Abney and Rhonda Costner, learned from another inmate that Ames had consumed drugs, and may be overdosing.  The women got the attention of Defendant Davis and told him about what they had learned.  Defendant Davis denies being told this information prior to Ames' death. (Ex. M, Declaration of Casey Abney, ¶¶5-6; Ex. N, Excerpts of Rhonda Costner Deposition, at 47:9 – 52:9; Ex. E, Declaration of Kevin Davis, ¶12)

17.     Defendant Davis continued to do periodic checks on Ames that night, as did Defendant Hahn via the jail's closed-circuit camera system.  (Ex. E, Declaration of Kevin Davis, ¶9)

18.     Ames remained in the restraint chair until his death at approximately 2:05 a.m. on Sunday, November 11, 2018.  (First Amended Complaint, ECF 24, ¶82).

19.     At approximately 2:05 a.m. on Sunday, November 11, 2018, Defendants Zerick Hahn and Davis observed that Ames had stopped moving; Davis entered the cell and found that Ames was not breathing.  After notifying Hahn (who immediately contacted EMS), Davis undertook life savings procedures with an AED (automated external defibrillator) until he was relieved by paramedics. (Ex. E, Declaration of Kevin Davis, ¶¶10-11;  Ex D, Declaration of Zerick Hahn, ¶¶10-11)

20.     After an autopsy, the cause of Ames's death was determined to be acute Methamphetamine intoxication. (Ex. O; Autopsy Report, p. 5)

4

21.     At no time prior to November 11, 2018, did Defendants Dennis Smith, Hardy White, Heather Smith, Jacob Lunsford, Dillon Sansoucie, Kevin Davis, Tim Hansen, Lucas Nickelson, Alicia Hodge, or Zerick Hahn have any knowledge that Ames had ingested a large amount of drugs.  (Ex. J, Declaration of Dennis Smith, ¶11; Ex. B, Declaration of Hardy White, ¶9; Ex. K, Declaration of Heather Smith, ¶17; Ex. I, Declaration of Jacob Lunsford, ¶11;  Ex. H, Declaration of Dillon Sansoucie, ¶13;  Ex. E, Declaration of Kevin Davis, ¶15;  Ex F, Declaration of Tim Hansen, ¶14; Ex. G, Declaration of Luke Nickelson, ¶12;  Ex. C, Declaration of Alicia Hodge, ¶11; Ex. D, Declaration of Zerick Hahn, ¶15)

22.     At no time prior to November 11, 2018, did Defendants Dennis Smith, Hardy White, Heather Smith, Jacob Lunsford, Dillon Sansoucie, Kevin Davis, Tim Hansen, Lucas Nickelson, Alicia Hodge, or Zerick Hahn realize that Ames was overdosing or in danger of dying.  (Ex. J, Declaration of Dennis Smith, ¶12; Ex. B, Declaration of Hardy White, ¶11; Ex. K, Declaration of Heather Smith, ¶18; Ex. I, Declaration of Jacob Lunsford, ¶12;  Ex. H, Declaration of Dillon Sansoucie, ¶14;  Ex. E, Declaration of Kevin Davis, ¶17;  Ex F, Declaration of Tim Hansen, ¶15; Ex. G, Declaration of Luke Nickelson, ¶13;  Ex. C, Declaration of Alicia Hodge, ¶15; Ex. D, Declaration of Zerick Hahn, ¶17)

23.     At no time prior to November 11, 2018 did Defendants Dennis Smith, Hardy White, Heather Smith, Jacob Lunsford, Dillon Sansoucie, Tim Hansen, Lucas Nickelson, Alicia Hodge, or Zerick Hahn have any knowledge that Ames had previously suffered from a traumatic brain injury.  (Ex. J, Declaration of Dennis Smith, ¶7; Ex. B, Declaration of Hardy White, ¶6; Ex. K, Declaration of Heather Smith, ¶14 ; Ex. I, Declaration of Jacob Lunsford, ¶7;  Ex. H, Declaration of Dillon Sansoucie, ¶9;  Ex F, Declaration of Tim Hansen, ¶12; Ex. G, Declaration of Luke Nickelson, ¶8;  Ex. C, Declaration of Alicia Hodge, ¶8; Ex. D, Declaration of Zerick Hahn, ¶12)

24. At no time prior to November 11, 2018 did Defendants Dennis Smith, Hardy White, Jacob Lunsford, Dillon Sansoucie, Kevin Davis, Tim Hansen, Lucas Nickelson, Alicia Hodge, or Zerick Hahn know that Ames needed medication to control seizures.  (Ex. J, Declaration of Dennis Smith, ¶8; Ex. B, Declaration of Hardy White, ¶7; Ex. I, Declaration of Jacob Lunsford, ¶8;  Ex. H, Declaration of Dillon Sansoucie, ¶10;  Ex. E, Declaration of Kevin Davis, ¶13;  Ex F, Declaration of Tim Hansen, ¶11; Ex. G, Declaration of Luke Nickelson, ¶9;  Ex. C, Declaration of Alicia Hodge, ¶9; Ex. D, Declaration of Zerick Hahn, ¶13)

25. At no time prior to November 11, 2018 did Defendants Dennis Smith, Hardy White, Heather Smith, Jacob Lunsford, Dillon Sansoucie, Kevin Davis, Tim Hansen, Lucas Nickelson, Alicia Hodge, or Zerick Hahn have any knowledge that any medications were delivered to the St. Francois County Jail for William D. Ames, III.  (Ex. J, Declaration of Dennis Smith, ¶9; Ex. B, Declaration of Hardy White, ¶8; Ex. K, Declaration of Heather Smith, ¶15 ; Ex. I, Declaration of Jacob Lunsford, ¶9;  Ex. H, Declaration of Dillon Sansoucie, ¶11;  Ex. E, Declaration of Kevin Davis, ¶14;  Ex F, Declaration of Tim Hansen, ¶12; Ex. G, Declaration of Luke Nickelson, ¶10;  Ex. C, Declaration of Alicia Hodge, ¶10; Ex. D, Declaration of Zerick Hahn, ¶14)

26. Defendants Dennis Smith, Hardy White, Jacob Lunsford, Dillon Sansoucie, Kevin Davis, Tim Hansen, Lucas Nickelson, Alicia Hodge, and Zerick Hahn are all P.O.S.T. certified law enforcement officers, all of whom have completed hundreds of hours of training at a law enforcement academy, which included First Responder training, and they have completed the annually required continuing education hours, with many of those courses including medical training. (Ex. J, Declaration of Dennis Smith, ¶3; Ex. B, Declaration of Hardy White, ¶3; Ex. I, Declaration of Jacob Lunsford, ¶3;  Ex. H, Declaration of Dillon Sansoucie, ¶3;  Ex. E, Declaration of Kevin Davis, ¶3;  Ex F, Declaration of Tim Hansen, ¶3; Ex. G, Declaration of

Luke Nickelson, ¶3;  Ex. C, Declaration of Alicia Hodge, ¶3; Ex. D, Declaration of Zerick Hahn, ¶3)

27. Defendant St. Francois County contracts with a medical service company, Advanced Correctional Healthcare, Inc., to provide a physician and other medical services to the St. Francois County Jail, including training materials to the St. Francois County Jail staff.  (Ex. K, Declaration of Heather Smith, ¶6)

28. The Jail Doctor from Advanced Correctional Healthcare, Inc. is on-call 24 hours a day, 7 days per week.  The Jail Nurse is also on-call for the jail staff, 24 hours a day, 7 days per week. (Ex. K, Declaration of Heather Smith, ¶¶2, 10)

29. Advanced Correctional Healthcare, Inc. provided detailed medical protocols for use by St. Francois County Jail staff, and those have been available for use by the deputies since December 2016.  (Ex. P, ACH Jail Protocols; Ex. K, Declaration of Heather Smith, ¶¶6-7; Ex. J, Declaration of Dennis Smith, ¶3; Ex. B, Declaration of Hardy White, ¶3; Ex. I, Declaration of Jacob Lunsford, ¶3;  Ex. H, Declaration of Dillon Sansoucie, ¶3;  Ex. E, Declaration of Kevin Davis, ¶3;  Ex F, Declaration of Tim Hansen, ¶3; Ex. G, Declaration of Luke Nickelson, ¶3;  Ex. C, Declaration of Alicia Hodge, ¶3; Ex. D, Declaration of Zerick Hahn, ¶3)

30. In addition to the training provided by Advanced Correctional Healthcare, Inc., Defendant Heather Smith would also train deputies on the use of the medical protocol forms. (Ex. K, Declaration of Heather Smith, ¶¶8-9)

31. The informal training by Defendant Heather Smith is on-the-job, informal, and is a supplement to the extensive First Responder training that the jail staff receive from their respective P.O.S.T. certified training academies.  (Ex. K, Declaration of Heather Smith, ¶9)

32. Defendants Dennis Smith, Hardy White, and Heather Smith had no interaction with

7

Ames during his detention at the St. Francois County Jail in November 2018, nor did they learn about any changes in Ames' behavior until after he was found deceased. (Ex. J, Declaration of Dennis Smith, ¶6; Ex. B, Declaration of Hardy White, ¶5; Ex. K, Declaration of Heather Smith, ¶ 13)

33. Defendant Heather Smith was not notified that Ames was in custody at the St. Francois County Jail until after his death.  (Ex. K, Declaration of Heather Smith, ¶13)

34. Plaintiffs do not have knowledge of any other comparable incidents occurring at the St. Francois County Jail upon which they rely for support of any of their claims in this action. (Ex. Q, Plaintiff Braun's Interrogatory Answer No. 25;  Ex. R, Plaintiff Ames' Interrogatory Answer No. 25)

35. During the last four years prior to Ames' death, the St. Francois County Jail arranged for more than 30 detainees to be transported to area healthcare providers for medical treatment for a variety of conditions, including but not limited to:  a broken nose, sutures, a concussion, eardrum perforation, a dog bite, seizure, drug overdose, chest pain, falls, motor vehicle accident, and a jaw fracture. (Ex. J, Declaration of Dennis Smith, ¶4)

36. St. Francois County participates in the Missouri Public Entity Risk Management Fund ("MOPERM"), and had coverage in effect for the time period of January 1, 2018 through January 1, 2020.  (Ex. A: Declaration of Michael McCray, Exhibits A-1 and A-2)

37. Plaintiffs do not have any competent expert medical testimony that Ames suffered any seizures during his incarceration, what may have caused any such seizure, whether placement in the restraint chair caused his death, or that if he had received any medical treatment prior to his death, he would not have died from the methamphetamine overdose. (Ex. S, Excerpts of Nurse Roscoe's Deposition, at 59:9-21; 120:16 -121:24,128:23-129:2)

Respectfully submitted,

 /s/  William A. Hellmich
William A. Hellmich, #31182MO
Michelle V. Stallings, #57833MO
HELLMICH, HILL & RETTER, LLC
1049 North Clay Avenue
Kirkwood, MO  63122
314-646-1110 – Phone
314-646-1122 – Fax
bill@hellmichhillretter.com
michelle@hellmichhillretter.com

*Attorneys for Defendants*

and

Ross D. McFerron, #60047MO
OSBURN, HINE & YATES, LLC
3071 Lexington Avenue
Cape Girardeau, MO 63701
573-651-9000 – Phone
573-651-9090 – Fax
rmcferron@ohylaw.com

*Attorney for Defendant St. Francois County*

**Certificate of Service**

    I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 17th day of September, 2020 to be served by operation of the Court's electronic filing system upon all parties through their counsel registered with CM/ECF.

 /s/  Michelle V. Stallings