**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM AMES, JR., ET AL.,  ) | |
| Plaintiffs,  ) | |
| ) | Cause No. 4:19-CV-00173 SRC |
| v.  ) | |
| ) | JURY TRIAL DEMANDED |
| ST. FRANCOIS COUNTY ET AL.,  ) | |
| Defendants.  ) | |
| ) | |

**PLAINTIFFS' MOTION TO VACATE ORDER PROHIBITING THE DISCLOSURE OF DEPOSITIONS**

**I.     INTRODUCTION**

Plaintiffs William Ames, Jr. and Laurie Braun move to vacate this Court's July 7, 2020 order prohibiting the parties from disclosing or publishing depositions in newspapers or on social media sites. The reason for the Court's order - to prevent the poisoning of the jury pool - no longer exists because this case has settled.

**II.    BACKGROUND**

The parties moved for entry of a Stipulated Order on April 24, 2020 (ECF 44). The Court signed and entered the Protective Order on May 19, 2020 (ECF 45). The Protective Order allows either party to designate documents or deposition testimony as "confidential" or "highly confidential" if the party believes in good faith that the documents or testimony contain confidential information. *Id.* ¶¶ 3-4. The Protective Order provides that deposition transcripts are to be automatically treated as "highly confidential" for a period of 30 days after the transcripts become available. *Id.* ¶ 4.

On May 13 and May 14, 2020, plaintiffs deposed several of the defendants. On June 5, 2020, Laurie Braun published excerpts from some of the depositions on

Facebook. Because the 30-day period for designating the depositions as confidential had not expired, defendants objected to their publication on Facebook and filed a motion for sanctions and contempt (ECF 47).  Defendants did not claim that any portions of the depositions contained "confidential"  or "highly confidential" information and have never designated any portions as such.

On  June 23, 2020, the Court held a hearing on defendants' motion.  At the hearing, defendants argued that, even if the depositions did not contain confidential information, their publication on social media could poison the jury pool.  The Court agreed that the publication of the depositions had the potential to poison the jury pool.  The Court took the matter under submission.

Before the Court ruled on the motion for contempt, the parties resolved their dispute by entering into a consent motion.  The consent motion prohibited either party from publishing depositions in any newspaper, social media platform, or other internet site, "regardless of whether such deposition, or portion thereof, is designated as "Confidential" or Highly Confidential" under the Protective Order entered in this cause."  The consent motion also prohibited the parties from paraphrasing, quoting, summarizing, or otherwise commenting on the deposition testimony in any newspaper, social media platform, or other internet site.  (ECF 59).  On July 7, 2020, the Court granted the parties' consent motion and entered an order prohibiting the publishing of the depositions.  *See* Order dated July 7, 2020 (ECF 60).

The parties settled this case in its entirety on February 12, 2021.  On March 10, 2021, the Court approved the settlement.

### III. THERE IS GOOD CAUSE FOR VACATING THE COURT'S ORDER PROHIBITING THE DISCLOSURE OF DEPOSITIONS

A court may modify or vacate a protective order on a showing of good cause by the moving party. *Blount v. Major*, 2016 WL 2937333, at *1–2 (E.D. Mo. May 20, 2016). Good cause exists when "intervening circumstances have obviated or limited any potential prejudice to the protected party." *U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, 2015 WL 429962, at *2 (E.D. Iowa Feb. 2, 2015).

Here, the settlement of this case has eliminated any potential prejudice to the parties that would result from vacating the Court's order prohibiting the disclosure of the depositions. The sole reason for the order was to prevent the poisoning of the jury pool. The settlement has eliminated this possibility. Therefore, the Court's order no longer serves any purpose and should be vacated.

### IV. CONCLUSION

For the foregoing reasons, the Court should vacate its July 7, 2020 order.

Respectfully submitted,

**COLIANNI & COLIANNI, LLC**
Attorney for Plaintiffs

DATED: April 15, 2021      By:   /s/Vincent Colianni, II
                                 Vincent Colianni, II, #768VI
                                 Marina Leonard, #R2058VI
                                 4001 Village Run Rd.
                                 Wexford, PA 15090
                                 Telephone: (340) 690-0629
                                 vinny@colianni.com

Vonne L. Karraker, MBE #56335
Manley, Karraker Karraker, P.C.
110 S. Jefferson Street
P.O. Box 454
Farmington, MO 63640
Telephone: (573) 756-6446
Facsimile: (573) 756-5151
vonne@semoelderlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record.

William A. Hellmich, #31182MO
Michelle V. Stallings, #57833MO
HELLMICH, HILL & RETTER, LLC
1049 North Clay Avenue
Kirkwood, MO  63122
314-646-1110 – Phone
314-646-1122 – Fax
bill@hellmichhillretter.com
michelle@hellmichhillretter.com

Ross D. McFerron, #60047MO
Osborne, Hine & Yates, LLC
3071 Lexington Avenue
Cape Girardeau, MO 63701
573-651-9000 - Phone
573-651-9090 - Fax
rmcferron@ohylaw.com                    /s/Vincent Colianni, II